UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED AL MUDHALLAA,

    Petitioner,

v.                                                     Case No. 15-10972

BUREAU OF IMMIGRATION AND                 HON. AVERN COHN
CUSTOMS ENFORCEMENT,

    Respondent.

_____/

## MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 2)[1]

I. Introduction

This is a habeas case involving immigration law. On March 16, 2015, Mohammed Al Mudhallaa (Petitioner) filed this action against the Bureau of Immigration and Customs Enforcement (the government or ICE) seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a citizen of Yemen and a lawful permanent resident (LPR) of the United States.

Petitioner requests relief in the form of directing the government to hold an individualized bond hearing under 8 U.S.C. § 1226(a). For the reasons that follow, the petition will be granted.

II. Background

On March 2, 2015, Petitioner was apparently stopped by United States Customs when he attempted to enter the United States from Canada at the Windsor Tunnel. He

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

was taken into custody and later charged as removable based on a 2011 state court conviction in Tennessee for possession of a handgun while under the influence. Petitioner was released from state custody based on that conviction over four years and two months ago.

After his detention, Petitioner sought release on bond under 8 U.S.C. § 1226(a)(2), which permits an alien to be released on bond if the immigration judge determines an alien is entitled to bond. The immigration judge denied Petitioner's request, finding that Petitioner is subject to mandatory detention under § 1226(c) and therefore not entitled to a bond hearing.

The petition challenges his continued detention pending removal without a bond hearing and seeks relief in the form of a hearing. The government was directed to file a prompt response, which it did.

Since the filing of the petition and response, Petitioner's removal proceedings have progressed. On April 21, 2015, an immigration judge ordered Petitioner removed to Yemen. Petitioner has preserved his right to appeal the removal decision and removal is apparently not imminent.[2]

### III.  Discussion

#### A.  The Statutes and BIA's Interpretation

There are several provisions in the Immigration and Nationality Act that pertain to the government's authority to detain individuals who are currently in removal proceedings. Relevant to this case are § 1226(a), concerning nonmandatory detention

---

[2] Given the current conditions in Yemen, it is unlikely that Petitioner will ever see Yemen.

and § 1226(c), which requires mandatory detention and no bond hearing.

With regard to nonmandatory detention, i.e. bond eligibility, the statute provides:

**(a)** Arrest, detention, and release. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
(1) may continue to detain the arrested alien; and
(2) may release the alien on—
  (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
  (B) conditional parole; ...

As to mandatory detention, i.e. no bond eligibility, the statute provides:

**(c)** Detention of criminal aliens.
(1) Custody. The Attorney General shall take into custody any alien who—
* * *
(B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)
* * *
**when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(emphasis added). The language "when the alien is released" is at the center of the dispute.

The Board of Immigration Appeals considered the meaning of "when the alien is released" in In re Rojas, 23 I. & N. Dec. 117 (B.I.A. 2001). In Rojas, an LPR from the Dominican Republic appealed his mandatory detention under § 1226(c). There was a two day gap between his release from criminal custody and his arrest by ICE agents. The BIA determined that a criminal alien is subject to mandatory custody under § 1226(c) even if the alien is not immediately taken into custody when he is released from criminal confinement. Id. at 122. The BIA also said that the timing of detention was irrelevant to the Attorney General's and ICE's authority to detain aliens under § 1226(c).

Id.

### B. The Parties' Arguments

Petitioner argues the plain text, context, and structure of the statute make clear that the "when ... released" provision authorizes the Attorney General to detain aliens when they are released from incarceration **or within a reasonable time thereafter**. Therefore, Petitioner argues the BIA's decision in Rojas is not entitled to agency deference under Chevron,[3] and the Court must enforce the statute in accordance with Congressional intent. As such, Petitioner says his mandatory detention under § 1226(c) is unlawful and his detention should be governed § 1226(a), which permits the Attorney General to release aliens on bond during removal proceedings.

The government says that the BIA's interpretation of § 1226(c) in Rojas is reasonable and controlling under Chevron because the "when ... released" clause of § 1226(c) simply indicates the point in time when ICE's duty to take the alien into custody arises. The government also points out that the Third, Fourth and Tenth Circuits[4] have held that a failure to take an person into custody immediately does not preclude ICE from continuing to detain the person. Finally, the government says that the clause does not require ICE to detain an alien immediately upon release from incarceration because the meaning of "when" as "any time after" is consistent within the context of § 1226(c).

---

[3]Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

[4]Respondent notes that the First Circuit has held that the government loses its authority to mandatorily detain a person who is not taken into custody immediately upon release from criminal custody or within a reasonable time thereafter. However, Respondent notes that the First Circuit's decision has been withdrawn pending en banc review. See Castaneda v. Souza, 769 F.3d 32 (1st Cir. 2014).

C.

Two judges in this district have considered the issue presented in the petition - whether § 1226(c) requires that an alien be detained without a bond hearing where there is a gap in time from when the alien is released from criminal custody and taken into custody by ICE. Both judges have concluded that an alien is entitled to a bond hearing under these circumstances and have granted petitions ordering a bond hearing. Khodr v. Adduci, 697 F. Supp. 2d 774 (E.D. Mich. 2010); Rosciszewski v. Adducci, 983 F. Supp. 2d 910 (E.D. Mich. 2013). Neither decision was appealed and the Sixth Circuit has not addressed the issue. As noted above, other district and circuit courts have, with conflicting results.

D.

The district court in Rosciszewski, citing to and relying on Khodr, thoroughly explained why Respondent's arguments fail and why a person like Petitioner is not subject to mandatory detention but rather entitled to a bond hearing:

> Here, the plain meaning of the word "when" contains a temporal element. According to the Oxford Dictionary of Current English, the primary definition of "when" is "as soon as" or "at the time that." The Oxford Dictionary of Current English 1046 (Della Thompson ed., 2d ed.1993); see also Alikhani v. Fasano, 70 F.Supp.2d 1124, 1130 (S.D.Cal.1999) (explaining that "Webster's Third New International Dictionary defines 'when' as 'just after the moment that.' " Therefore "the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release."); Pastor–Camarena v. Smith, 977 F.Supp. 1415, 1417 (W.D. Wash. 1997) ("The plain meaning of this language is that it applies immediately after release from incarceration, not to aliens released many years earlier."); Louisaire, 758 F.Supp.2d at 236 (" Matter of Rojas [is] contrary to the plain language of the statute. The clear purpose of § 1226(c)(1) is to authorize the mandatory detention of immigrants who have committed offenses enumerated within § 1226(c)(1)(A)-(D) immediately upon their release from criminal sentences for those same offenses," even if they are still serving those sentences "under parole, supervised release, or probation.") (emphasis in original).

5

> While other courts have concluded that "when" can also mean "at any time after," the Court declines to follow this non-binding authority. See Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012); Sylvain v. Attorney General of the United States, 714 F.3d 150 (3d Cir.2013). The broad interpretation of "when ... released" advocated by the Government and adopted by the Third and Fourth Circuit Courts of Appeals finds no support from the statutory text nor from the Congressional intent, contrary to the Government's assertions. If Congress intended that mandatory detention be applied at any time after an individual was released, it could have used language consistent with this intent, such as "after the alien is released" or "regardless of when the alien is released." See Quezada–Bucio, 317 F.Supp.2d at 1230. Furthermore, if this Court were to adopt the Government's proposed interpretation of "when" as having no immediate temporal limit, the "when the alien is released language" becomes unnecessary surplusage. See Valdez, 874 F.Supp.2d at 1265. Lastly, the Court's interpretation comports with Congress's intent in passing § 1226(c) to "detain the most dangerous criminals because their immediate detention provides more protection to the community." Id. (citing Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003)).
>
> Therefore, consistent with Khodr and the majority of courts that have reviewed this issue, the "when the alien is released" language is unambiguous and confines § 1226(c)'s application to aliens taken into ICE custody immediately upon, or within a reasonable period of time thereafter, the alien's release from criminal incarceration. Khodr, 697 F.Supp.2d at 779–80; Valdez, 874 F.Supp.2d at 1265; Quezada–Bucio, 317 F.Supp.2d at 1230; Louisaire, 758 F.Supp.2d at 236; Pastor–Camarena, 977 F.Supp. at 1417. Further, while the Court recognizes the difficulty with respect to determining a reasonable time period, there can be no serious question that eleven years is unreasonable. Zabadi, 2005 WL 3157377, at *1–2, 2005 U.S. Dist. LEXIS 31914, at *5 (concluding that a two year gap between release from criminal custody and ICE detention was unreasonable for § 1226(c) purposes); Quezada–Bucio, 317 F.Supp.2d at 1225 (mandatory detention of § 1226(c) inapplicable after three years from release from custody); Khodr, 697 F.Supp.2d at 780 (finding "clearly unreasonable delay" in taking the petitioner into custody four years after his release from incarceration.)

Rosciszewski, 983 F. Supp. 2d at 915-16.

The Court agrees with the analysis and conclusion in Rosciszewski and Khodr. Petitioner is not subject to mandatory detention under § 1226(c). He was not taken into custody immediately upon his release from state custody or within a reasonable time thereafter. Rather, Petitioner was taken into custody at the border over four years after

6

serving his state court conviction. Petitioner is in effect being detained under § 1226(a) which permits a redetermination of custody in the form of a bond hearing.

## IV. Conclusion

For the reasons stated above, the petition is GRANTED. This matter is REMANDED to the Detroit Immigration Court for the limited purpose of providing Petitioner with a bond hearing under § 1226(a). If the immigration court fails to provide Petitioner with a bond hearing within ten (10) days of this order, Respondent shall release Petitioner from custody.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: April 29, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 29, 2015, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160